UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Juan Gabriel Rosas,

        Defendant.

MEMORANDUM OPINION
AND ORDER
Criminal No.99-351(2) ADM/AJB
Civil No. 05-1429 ADM

_____

David M. Genrich, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

David Arredondo, Esq., El Monte, California, on behalf of Defendant.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge on Defendant Juan Gabriel Rosas' ("Defendant") Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 [Docket No. 529].[1] Defendant argues that his sentencing improperly included a supervisory-role enhancement, that he was denied effective assistance of counsel based on his counsel's failure to challenge the facts establishing the basis for the supervisory increase, and that adoption of the enhancement violated <u>Apprendi</u>, <u>Blakely</u>, and <u>Booker</u>.  For the reasons set forth below, Defendant's Motion is denied.

## II. BACKGROUND

In February 2000 a federal grand jury returned a superseding indictment which charged Defendant and eleven others with a conspiracy to distribute methamphetamine and cocaine

---

[1] All docket references are to Criminal No. 99-351(2).

[Docket No. 230]. Defendant subsequently pled guilty to conspiracy to distribute methamphetamine [Docket No. 453]. On August 10, 2001 Defendant was sentenced by this Court to 210 months in prison followed by five years supervised release [Docket No. 466].

Defendant filed a timely direct appeal [Docket 469], asserting essentially the same issues as his instant Motion, arguing that the District Court erred by adopting a three-level sentencing enhancement for a supervisory role in the conspiracy and that the application of the sentencing enhancement violated Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). On June 25, 2002 the United States Court of Appeals for the Eighth Circuit affirmed the sentence [Docket No. 496].

### III. DISCUSSION

Defendant's Motion is brought pursuant to 28 U.S.C. § 2255. Section 2255 provides persons in federal custody a limited opportunity to collaterally attack the constitutionality, jurisdictional basis or legality of the sentence prescribed by the court. See United States v. Addonizio, 442 U.S. 178 (1979). Defendant argues that, although the one year period for the filing of his § 2255 Motion has expired, he should be allowed to litigate the issues raised in his Motion. Defendant contends that his sentence should be reduced because of error in applying a three-level sentencing enhancement based on the Defendant's supervisory role in the conspiracy. Defendant contests this increase based on both facts he presents and an argument that the Booker rule should be retroactive. Because Defendant's Motion was filed after the expiration of the limitations period and because United States v. Booker, 125 S.Ct. 738 (2005), does not apply retroactively to cases on collateral review, his Motion is denied.

### A.    Is Defendant's § 2255 Motion Time Barred?

Under 28 U.S.C. § 2255, a defendant has one year from the date his conviction becomes final to file the motion. In this instance, Defendant did not file a timely petition for certiorari with the United States Supreme Court within 90 days of the June 25, 2002 Eighth Circuit decision. Therefore, his conviction became final on September 23, 2002. Consequently, Defendant's window in which to file a § 2255 motion expired on September 23, 2003. Here, the § 2255 motion was filed on July 18, 2005, approximately one year and ten months after his conviction became final.

The time limitation on a § 2255 motion may be extended by equitable tolling "when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000). The Defendant has offered no extraordinary circumstance justifying why his section 2255 motion should be accepted. Instead, the Defendant argues that the Booker guidelines should be retroactive; under 28 U.S.C.A. §§ 2255(3), a motion may be properly filed within one year of the time a "right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." This claim fails as discussed below. Because Defendant has failed to show that equitable tolling should apply to his Motion, it must be dismissed.

### B.    May Booker Arguments Be Raised On Collateral Review?

In United States v. Booker, the Supreme Court applied the principles first announced in Apprendi, 530 U.S. at 490, and affirmed in Blakely v. Washington, 124 S. Ct. 2531 (2004), which require sentencing to be based on facts admitted by the defendant or found by the jury.

3

Booker, 125 S.Ct. 738, 749 (2005).  Defendant argues that the standards clarified in Booker should be retroactively applied and therefore available to him on collateral review.

The Eighth Circuit has held that they are not so available.  Never Misses A Shot v. United States, 413 F.3d 781, 784 (8th Cir. 2005).  The Eighth Circuit found that the Booker rule was a new procedural rule, and did not apply retroactively under the "watershed magnitude" exception.  Id. at 783.  Therefore, the Booker rule "does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings."  Id. at 783.

Defendant's conviction was final on Sept. 23, 2003, before Booker was decided on January 12, 2005.  Accordingly, Defendant's Booker claim is not cognizable and Defendant's § 2255 Motion must be denied.

### IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Vacate, Set Aside, or Correct Sentence [Docket No. 529] is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  September 7, 2005.